UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-7629 RGK (JCx) | Date | November 29, 2011 |
|---|---|---|---|
| Title | JAMES J. MCDERMOTT, et al v. JASON LOPEZ'S PLANET EARTH LANDSCAPE, INC. | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS)** Findings of Fact and Conclusions of Law

   This case came to be heard upon the verified petition of James J. McDermott, Regional Director of Region 31 of the National Labor Relations Board, herein called the Board, for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)], herein called the Act, pending the final disposition of the matters involved herein which are now pending before an Administrative Law Judge of the Board. The Court, upon full consideration of the pleadings, evidence, briefs, arguments of counsel, and the entire record in this case, hereby makes the following:

**FINDINGS OF FACT**

1.   Petitioner is the Regional Director of Region 31 of the Board, an agency of the United States. This petition is filed for and on behalf of the Board.

2.   The Court's jurisdiction is invoked pursuant to Section 10(j) of the Act [29 U.S.C. Sec. 160(j)], herein called Section 10(j) of the Act.

3.   On or about the dates set forth below in subparagraphs (a) through (b), the Laborers Pacific Southwest Regional Organizing Coalition, Laborers' International Union of North America (herein called the Union) filed with the Board charges and amended charges as follows:

   (a)   The Union filed the charge in Case 31-CA-29817 on June 29, 2010, and an amended charge on August 20, 2010, alleging that Respondent violated Section 8(a)(1), (3) and (4) of the Act by: interrogating employee Ruben Olguin about his Union activities; threatening to close the business in order to discourage Union activity; giving employees money to discourage their support for the Union; and promising employees prevailing wage jobs to discourage their support for the Union.

    (b)    The Union filed the charge in Case 31-CA-30010 on October 29, 2010, and an amended charge on December 30, 2010, alleging that Respondent: violated Section 8(a)(3) of the Act by laying off and/or discharging employees Ruben Olguin and Omar Mota because of their Union activity; violated Section 8(a)(4) of the Act by laying off and/or discharging employee Ruben Olguin because he attended and gave testimony at a pre-election hearing in Case 31-RC-8811; and violated Section 8(a)(5) of the Act by laying off and/or discharging employees Ruben Olguin and Omar Mota without notifying the Union prior to the layoffs/discharges and thereby failing to give the Union an opportunity to bargain over the layoffs.

4.    (a)    The charges referred to in Paragraph 3 above were referred to the Regional Director of Region 31 of the Board. Thereafter, following a field investigation during which all parties had an opportunity to submit evidence and legal analysis, the Acting General Counsel of the Board, on behalf of the Board, pursuant to Section 3(d) of the Act [29 U.S.C. Sec. 153(d)], by the Regional Director of Region 31, issued an Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing against Respondent on February 28, 2011, pursuant to Section 10(b) of the Act [29 U.S.C. Sec. 160(b)].

    (b)    The Consolidated Complaint alleges, inter alia, that the Respondent has engaged in, and is engaging in, various unfair labor practices within the meaning of Section 8(a)(1), (3), (4) and (5) of the Act [29 U.S.C. Sec. 158(a)(1), (3), (4) and (5)].

5.    On March 25, 2011, Administrative Law Judge Gerald M. Etchingham, herein called ALJ Etchingham, issued an Order Postponing the Hearing.

6.    A formal hearing before ALJ Etchingham. on the merits of the Consolidated Complaint began on March 29, 2011.

7.    (a)    On March 29, 2011, ALJ Etchingham granted Respondent's oral motion to continue the hearing until April 18, 2011.

    (b)    On March 31, 2011, ALJ Etchingham issued an Order Granting Respondent's Oral Motion to Continue Trial to April 18, 2011.

8.    The formal hearing before ALJ Etchingham on the merits of the Consolidated Complaint resumed on April 18 through 21, 2011.

9.    On April 21, 2011, ALJ Etchingham suspended the formal hearing on the merits of the Consolidated Complaint indefinitely.

10.    On August 18, 2011, the Acting General Counsel filed a motion requesting ALJ Etchingham. to resume the administrative hearing during the week of September 6, 2011.

11.    On August 24, 2011, ALJ Etchingham issued an Order Granting Acting General Counsel's Motion to Resume Hearing on September 6, 2011.

12.    The formal hearing before ALJ Etchingham on the merits of the Consolidated Complaint resumed on September 6, 2011, and concluded that same day.

13.    Respondent has not offered to settle or remedy the allegations of the Consolidated Complaint.

14. Based on the evidence presented, and Respondent's failure to respond, the Court finds a better than a negligible chance that the Board will find that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3), (4) and (5) of the Act, and that said unfair labor practices affect commerce within the meaning of Section 2(6) and (7) of the Act [29 U.S.C. Sec. 152(6) and (7)].

15. More particularly, there is a better than negligible chance that the Board will find, in the underlying administrative proceedings, that:

    (a) (1) At all material times, Respondent, a California corporation with an office and place of business in Nipomo, California, herein called the Facility, has been engaged in the business of providing landscaping services to both commercial and residential customers.

        (2) During the 12-month period ending June 10, 2010, Respondent derived gross revenues in excess of $500,000.

        (3) During the 12-month period ending June 10, 2010, Respondent purchased and received at the Facility goods valued in excess of $5,000 directly from points located outside the State of California.

    (b) At all material times, Respondent has been engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

    (c) At all material times, Laborers International Union of North America and its affiliated Southern and Northern California District Councils and its Affiliated Locals 220 and 297, herein called the Union, has been a labor organization within the meaning of Section 2(5) of the Act.

    (d) At all material times, Jason Lopez, the owner of Respondent, and Martin Lopez have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act.

    (e) (1) The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act: all full-time and regular part-time landscaping employees employed by the Respondent in all counties within the State of California.

        (2) On September 17, 2010, a representation election was conducted among the employees in the Unit and, on November 10, 2010, the Union was certified as the exclusive collective-bargaining representative of the Unit.

        (3) At all times since November 10, 2010, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

        (4) On or about the dates set forth opposite their names, Respondent laid off the employees named below:

            (i)  Omar Mota      -   September 17, 2010
            (ii) Ruben Olguin   -   September 20, 2010

    (5)  The conduct set forth above in Paragraph 15(e)(4) relates to wages, hours, and other terms and conditions of employment of the Unit and is a mandatory subject for the purposes of collective bargaining.

    (6)  Respondent engaged in the conduct described above in Paragraph 15(e)(4) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct and the effects of this conduct.

 (f) (1)  On or about the dates set forth opposite their names, Respondent laid off the employees named below:

     (i)  Omar Mota  -  September 17, 2010
     (ii)  Ruben Olguin  -  September 20, 2010

    (2)  Respondent engaged in the conduct described above in Paragraph 15(f)(1)(i) and (ii), in part, because the named employees of Respondent formed, joined, or assisted the Union and engaged in protected concerted activities.

    (3)  Respondent engaged in the conduct described above in Paragraph 15(f)(1)(ii), in part, because Ruben Olguin testified at a representation hearing before the Board in Case 31-RC-8811.

 (g)  On or about June 18, 2010, Respondent, by Jason Lopez, at the Facility:

    (1)  Interrogated its employees about their Union activities and sympathies;

    (2)  Threatened its employees with closing the business if they selected the Union as their bargaining representative;

    (3)  Promised its employees prevailing wage jobs to discourage their support for the Union; and

    (4)  Gave employees money to discourage their support for the Union.

 (h)  By the conduct described above in Paragraph 15(e), Respondent has been failing and refusing to bargain collectively with the exclusive collective-bargaining representative of its employees within the meaning of Section 8(d) of the Act in violation of Section 8(a)(5) and (1) of the Act.

 (i)  By the conduct described above in Paragraph 15(f)(1)(i) and (ii) and for the reasons set forth above in Paragraph 15(f)(2), Respondent has violated Sections 8(a)(1), (3) and (4) of the Act.

 (j)  The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

Based on Petitioner's evidence and Respondent's failure to respond, the Court also finds:

1.  Respondent's unfair labor practices, as described above, have and are continuing to irreparably harm the Board's remedial processes.

2.  Unless a temporary injunction is issued, the status of the Union will have been undermined, a harm that cannot be remedied in due course by the Board.

3.  There is no adequate remedy at law for the irreparable harm being caused by the Respondent's unfair labor practices described above.

4.  In balancing the hardship to each party, Granting the temporary injunction sought by Petitioner will cause less hardship to Respondent.

5.  The equities in this matter, including the harm to the employees involved herein, the harm to the public interest, and the harm to the purposes and policies of the Act if the requested injunction is not granted, outweigh any harm that the grant of a temporary injunction might have on Respondent.

6.  Unless Respondent's unfair labor practices are immediately enjoined and restrained, it is reasonable to anticipate that Respondent will continue to engage in the acts and conduct alleged above.

7.  To avoid the serious results referred to above, it is just and proper, for the purposes of effectuating the policies of the Act and avoiding irreparable and immediate injury to such policies, to the public interest, and Respondent's employees, and in accordance with the purposes of Section 10(j) of the Act, that, pending final disposition of the matters at issue before the Board, Respondent be enjoined and restrained as set forth in the Order Granting Temporary Injunction in this case.

## CONCLUSIONS OF LAW

1.  This Court has jurisdiction of the parties and of the subject matter of this proceeding. Under Section 10(j) of the Act [29 U.S.C. Sec. 160(j)], the Court is empowered to grant such injunctive relief.

2.  Petitioner has a better than a negligible chance of establishing in the underlying administrative proceeding that:

    (a)  Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act [29 U.S.C. Sec. 152(2), (6) and (7)].

    (b)  Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1), (3), (4) and (5) of the Act [29 U.S.C. Sec. 158(a)(1), (3), (4) and (5)], affecting commerce within the meaning of Section 2(6) and (7) of the Act [29 U.S.C. Sec. 152(6) and (7)].

    (c)  Laborers International Union of North America and its affiliated Southern and Northern California District Councils and its Affiliated Locals 220 and 297 is a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. Sec. 152(5)].

3.  To preserve the issues for the orderly determination as provided in the Act,, and good cause

appearing therefore, it is appropriate, just and proper, that a temporary injunction be issued ordering that, pending final disposition of the matters in issue before the Board, Respondent, its officers, agents, successors, and assigns, be enjoined and restrained as set forth in the Order Granting Temporary Injunction in this case and be ordered to take the affirmative action specified in said Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |